David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Attorneys for Plaintiffs Michael Stiles
and Alexander Vuckovic, individually
and on behalf of classes of similarly situated individuals

(Additional counsel on signature page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STILES and ALEXANDER VUCKOVIC, individually and on behalf of classes of similarly situated individuals,<br><br>                Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 5,<br><br>                Defendants. | Case No. 2:16-cv-04318-TJH-KS<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>  **1. Fraudulent Inducement;**<br>  **2. Cal. Comm. Code § 2313;**<br>  **3. Cal. Civil Code § 1750;**<br>  **4. Cal. Bus. & Profs. Code § 17500;**<br>  **5. Cal. Bus. & Profs. Code § 17200;**<br>  **6. Mass. Gen. Laws, c. 93A, § 2;**<br>  **7. Mass. Gen. Laws, c. 266, § 91**<br>  **8. Mass. Gen. Laws, c. 106, § 2-313**<br>  **9. Unjust Enrichment.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Michael Stiles and Alexander Vuckovic bring this action on their own behalf and on behalf of the Classes they seek to represent, based upon their own personal knowledge as to themselves and their own acts and upon information and belief and the investigation of their counsel as to all other matters, and allege as follows:

## NATURE OF THE CASE

1.      Defendant Trader Joe's Company ("Trader Joe's") manufactures, markets, distributes, and sells a variety of maple cereal and maple oatmeal products, including Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Joe's Oatmeal Complete Maple and Brown Sugar.  These products are misbranded because the front packaging claims that the products contain maple when, in fact, maple is not an ingredient in the products.

2.      Trader Joe's conduct breaches its express warranties with consumers, constitutes false advertising, and violates the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, the California Sherman Food, Drug, and Cosmetic Law, the Massachusetts Maple Law, M.G.L. c., 128, § 39C, the Massachusetts Consumer Protection Act, M.G.L. c. 93A, M.G.L., c. 94 §§ 187 and 190, M.G.L. c. 266, § 91, the federal Food, Drug and Cosmetic Act, 28 U.S.C. § 343 ("FDCA") and various Food and Drug Administration ("FDA") regulations.  Additionally, the conduct constitutes fraudulent inducement and unjust enrichment.

3.      Plaintiffs bring this action on behalf of themselves and classes of purchasers to stop Trader Joe's from mislabeling its Trader Joe's Oatmeal Complete Maple and Brown Sugar as containing "maple" when maple is not an ingredient in the products. In addition, Plaintiffs, on behalf of themselves and the proposed classes, seeks damages, restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

**Class Action Complaint**

1

## PARTIES

2       4.      Plaintiff Michael Stiles ("Stiles") is a resident of Woodland Hills,

3 California.  During at least the last four years, several times during those years, Stiles

4 purchased Trader Joe's Oatmeal Complete Maple and Brown Sugar at a various

5 Trader Joe's retail stores located in Woodland Hills, Encino and Studio City,

6 California.

7       5.      Plaintiff Alexander Vuckovic ("Vuckovic") is a resident of Cambridge,

8 Massachusetts. During the last four years, Vuckovic purchased both Trader Joe's

9 Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Joe's

10 Oatmeal Complete Maple and Brown Sugar at Trader Joe's retail stores in

11 Cambridge, Massachusetts.

12       6.      Plaintiff Stiles and Plaintiff Vuckovic are collectively referred to in this

13 complaint as Plaintiffs.

14       7.      Defendant Trader Joe's Company is a California corporation with its

15 principal place of business in Monrovia, California. It maintains a registered agent for

16 service of process at 2804 Gateway Oaks Drive #200, Sacramento, California 95833.

17       8.      Trader Joe's is a chain of specialty grocery stores with approximately

18 453 stores in 45 states and Washington D.C. Trader Joe's claims to be a market

19 leader in organic and fresh food groceries in the United States. As part of its

20 operations, Trader Joe's is engaged in the manufacture, labeling, marketing,

21 distribution, and sale of maple cereal and maple oatmeal products, including Trader

22 Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Joe's

23 Oatmeal Complete Maple and Brown Sugar, which it sells in its retail locations in

24 California, Massachusetts and throughout the nation.

25       9.      Plaintiffs are currently ignorant of the true names and capacities,

26 whether individual, corporate, associate, or otherwise, of the Defendants sued herein

27 under the fictitious names Does 1 through 5, inclusive, and therefore, sues such

28

**Class Action Complaint**

Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named Doe Defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs.

10.    Plaintiffs are informed and believe and based thereon allege that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with the other allegations.

11.    All Defendants, including Does 1 through 5, are collectively referred to as "Defendants" or "Trader Joe's."

12.    Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## JURISDICTION & VENUE

13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

14. This Court has personal jurisdiction over Defendants because operations and/or sales in California, are registered to do business in California, and the acts alleged herein originated in this District.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS OF FACT

### Consumer Preferences and Expectations Regarding Products Containing Maple

16. Maple syrup and maple sugar are premium ingredients that companies add to sweeten food products. They are preferred over other sweeteners for a variety of reasons including taste, quality, health benefits, origin, among others.

17. Maple syrup contains an abundant amount of naturally occurring minerals such as calcium, manganese, potassium and magnesium. It is also a source of beneficial antioxidants that have been shown to help prevent cancer, support the immune system, lower blood pressure and slow the effects of aging. See http://vermontmaple.org (last visited August 14, 2016).

18. Maple syrup is believed to have a higher nutritional value than all other common sweeteners. See http://vermontmaple.org (last visited August 14, 2016).

19. Maple sugar is made when all of the water in the maple syrup is boiled away. It is then stirred while very hot allowing any water that is left to evaporate as steam. The result is a dry pure granular maple sugar that can be substituted for white processed granulated sugar. See http://vermontmaple.org/maple-products/maple-sugar/ (last visited August 14, 2016).

20. Trader Joe's represents that maple sugar and/or maple syrup is used in its Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Joe's Oatmeal Complete Maple and Brown Sugar. The front packaging of

both products include the word "maple" in the product names.  The front packaging of Trader Joe's Oatmeal Complete Maple and Brown Sugar also prominently depicts a picture of oatmeal sweetened with maple and brown sugar.

21.    Consumers reasonably rely on the products' name along with such images and/or statements to indicate that the products contain maple syrup and/or maple sugar.

22.    Food products that are represented as containing maple syrup or maple sugar command a premium in the marketplace.  In addition, companies increase sales when they represent that a product contains these ingredients.

**Trader Joe's Mislabels and Falsely Advertises Its Cereals As Containing Maple Syrup and/or Maple Sugar**

23.    Defendants manufacture, promote, distribute, and sell Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Oatmeal Complete Maple and Brown Sugar.  (These two products are collectively referred to as the "products" unless otherwise noted.)  The products prominently state "maple" in various retail stores across the product names.

24.    In addition, the front packaging of Trader Joe's Oatmeal Complete Maple and Brown Sugar also prominently depicts a picture of oatmeal sweetened with maple. The front packaging of this product is depicted in the photograph below:



25.     The front packaging of Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats is depicted below:



26.     However, these products do not contain any maple syrup or maple sugar, and are therefore misbranded under state and federal laws.

27.     All of Defendants' decisions to market, sell, promote, distribute and advertise for sale the products were made from and emanated from California where Defendants are based.   Also, decisions made by Defendants' employees that give rise to Plaintiffs' claims were made in and from their California headquarters.

28.     In making their purchasing decisions, consumers, including Plaintiffs and Class Members, reasonably rely on the labeling (including the name of the

Class Action Complaint

product and/or images of the product being sweetened with maple on the front of the packaging) to inform them of whether the products contain maple syrup and/or maple sugar.

29.    The presence of maple, a premium ingredient, in these products has a material bearing on consumers' (including Plaintiffs' and Class Members') purchasing decisions.

30.    According to the Vermont Maple Sugar Makers' Association and over ten other maple industry groups, these business practices injure consumers and maple syrup manufacturers:

> This unchecked misbranding has an adverse impact on manufacturers of products containing real maple syrup, as it allows cheaper products not containing premium ingredients to compete with those actually containing maple syrup. Further, it deceives consumers into believing they are purchasing a premium product when, in fact, they have a product of substantially lower quality.

See Feb. 15, 2016 Letter from Vermont Maple Sugar Makers' Association to the Food and Drug Administration available at https://consumermediallc.files.wordpress.com/2016/02/fdamaple.pdf (last visited August 14, 2016); see also, March 10, 2016 letter from various members of Congress to Food and Drug Administration Commissioner available at https://www.leahy.senate.gov/imo/media/doc/FINAL_Letter_FDA_Maple%20Labeling_3.10.16.pdf (last visited August 14, 2016).

31.    Accordingly, Plaintiffs and members of the Class have been harmed because they were induced to purchase and/or pay a price premium for the products based on Defendants' untrue and misleading statements.

**PLAINTIFFS' INDIVIDUAL ALLEGATIONS**

32.    Over at least the last four years, Plaintiff Stiles purchased Trader Joe's Oatmeal Complete Maple and Brown Sugar at various Trader Joe's retail stores located in Los Angeles County, California.

33.    During this same time period, Plaintiff Vuckovic purchased both Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and Trader Joe's Oatmeal Complete Maple and Brown Sugar at Trader Joe's retail stores in Cambridge, Massachusetts.

34.    Plaintiffs viewed and relied upon the statement of "maple" in the product names in large bold font to indicate that the products contained maple.  Plaintiffs also relied on a prominent image of oatmeal sweetened with maple displayed on the front packaging of the oatmeal product. These images and statements were the same as or substantially similar to the representations contained or conveyed in the photographs of the product labels above.

35.    Because Plaintiffs were purchasing products that were labeled as containing maple, they reasonably believed that the products, in fact, contained maple.

36.    Had Plaintiffs known that these products did not contain maple as an ingredient, they would not have purchased them or would not have paid as much for them.  As a direct result, Plaintiffs were harmed by Defendants' conduct.

37.    Plaintiffs, on behalf of themselves and all others similarly situated, seek monetary damages as well as injunctive relief to stop Defendants from mislabeling and misbranding the product.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff Vuckovic brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class defined as follows:

> **Nationwide Shredded Wheat Class**: All individuals nationwide who, from four years prior to the filing of this Complaint through to date of certification, purchased Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats.

39. Plaintiffs Stiles and Vuckovic bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class defined as follows:

> **Nationwide Oatmeal Class**: All individuals nationwide who, from four years prior to the filing of this Complaint through to date of certification, purchased Trader Joe's Oatmeal Complete Maple and Brown Sugar.

40. The Nationwide Oatmeal Class and the Nationwide Shredded Wheat Class are collectively referred to as the "Nationwide Classes."

41. Plaintiff Vuckovic also brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a subclass defined as follows:

> **Massachusetts Subclass**:  All individuals who, from four years prior to the filing of this Complaint through the date of class certification, purchased Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats and/or Trader Joe's Oatmeal Complete Maple and Brown Sugar in Massachusetts.

42. Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Classes are the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

43. Plaintiffs reserve the right to revise the definition of the Classes based on facts learned during discovery.

44. The exact number of persons in the Classes, as herein identified and described, is unknown but is estimated to number in the thousands. The Classes are so numerous that joinder of individual members herein is impracticable.

45. Plaintiffs will fairly and adequately represent and protect the interests of the other members of each Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.  Plaintiffs

and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so.  Neither Plaintiffs nor theirs counsel has any interest adverse to those of the other members of the Classes.

46.     Absent a class action, most members of each Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

47.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of each Class in falsely advertising and mislabeling its products as containing maple, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes.

48.     The factual and legal basis of Defendants' liability to Plaintiffs and to Class members are the same, resulting in injury to the Plaintiffs and to all of the other Class members as a result of the Defendants' conduct of falsely advertising and mislabeling its products as containing maple.  Plaintiffs and Class members have suffered harm and damages as a result of the unlawful and wrongful conduct.

49.     There are many questions of law and fact common to the claims of Plaintiffs and the Class members, and those questions predominate over any questions that may affect individual members of each Class.  Common questions for the Classes include but are not limited to the following:

(a)     Whether Defendants' use of "maple" in the product names and/or use of images of oatmeal sweetened with maple constitute an express warranty that the products contain maple syrup and/or maple sugar;

(b)     Whether Defendants breached their express warranties with Plaintiffs and class members;

(c)    Whether Defendants' labeling is unlawful, unfair, deceptive, or misleading to reasonable consumers under the UCL;

(d)    Whether Defendants' conduct violates Cal. Bus. & Profs. Code § 17200, *et seq.*, Cal. Civil Code §1750, *et seq.*, and the Cal. Bus. & Profs. Code § 17500, *et seq.*;

(e)    Whether Defendants' conduct is unfair and deceptive, in violation of the provisions of Mass. Gen. Laws, c. 93A, § 2;

(f)    Whether Defendants' conduct constituted untrue and misleading advertising in violation of M.G.L., c. 266, § 91;

(g)    Whether Defendants' products contain maple syrup or maple sugar;

(h)    Whether a reasonable consumer would expect that products containing "maple," in bold and large letters, in the product names, would in fact contain maple syrup or maple sugar as an ingredient;

(i)    Whether California law can and should be applied to Plaintiffs and the Classes;

(j)    Whether, as a result of Defendants' conduct, Plaintiffs and the classes members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

(k)    The method of calculation and extent of damages for Plaintiffs and members of the Classes.

## FIRST CLAIM FOR RELIEF
### Fraudulent Inducement
### (On behalf of Plaintiffs and the Nationwide Classes)

50.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

51.    As described with particularity above, Defendants have used and continues to use, marketing tactics they know or reasonably should know are false and misleading.

52.    To induce Plaintiffs and the Nationwide Classes into purchasing their products, Defendants affirmatively represented that the products contain maple syrup and/or maple sugar.

53.    Defendants' affirmative representations are false. In particular, Trader Joe's Oatmeal Complete Maple and Brown Sugar and Trader Joe's Frosted Maple and Brown Sugar Shredded Bite Size Wheats do not contain maple sugar or maple syrup.

54.    The representations made by Defendants were material terms in the transactions with Plaintiffs and the Nationwide Classes because they directly affected choices to purchase the products.

55.    Defendants, as the manufacturer and designer of the foods and their packaging, knew or should have known, with the exercise of reasonable care, that the products being offered to consumers do not contain any maple syrup or maple sugar and that consumers would be misled into believing that the products contained those ingredients.

56.    Defendants knew or should have known that a number of groups in the maple industry have jointly complained about this issue as negatively affecting consumers' ability to make informed decisions and causing unfair competition.

57.    Therefore, Defendants intentionally designed the public representations to mislead consumers about the ingredients and quality of the products.

58.    Defendants made these representations with the intent to induce Plaintiffs and members of the Nationwide Classes to rely upon them by purchasing the products.

59.    Plaintiffs and members of the Nationwide Classes were misled by these representations. They would not have purchased (or would have paid less) for the products but for the misrepresentations alleged herein.

60.    As a result of Defendants' misrepresentations, Plaintiffs and the Nationwide Classes were deceived into purchasing the products.

61.    As a result of their reasonable reliance on Defendants' misrepresentations, Plaintiffs and members of the Nationwide Classes have suffered

**Class Action Complaint**

actual monetary damages in the form of the price paid for the products and/or the price premium paid for the products.

## SECOND CLAIM FOR RELIEF
### Violation of the California Commercial Code, Section 2313, Breach of Express Warranty
### (On behalf of Plaintiffs the Nationwide Classes)

62.   Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.  This claim is made with respect to the Nationwide Classes.

63.   From their California headquarters, Defendants produced, advertised, marketed, and distributed products with the affirmation of fact, promise, and description on the packaging that the product contained maple syrup or maple sugar.

64.   Plaintiffs and members of the Classes relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiffs and members of the Classes purchased Defendants' products.

65.   Defendants have breached these express warranties by producing, distributing, and marketing products to Plaintiffs and the class members that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (i.e., that the product contained maple syrup or maple sugar).

66.   Defendants have been on notice of the breach of these express warranties as they manufactured the product and designed the labeling.  Further, Defendants knew or should have known that a number of groups in the maple industry have jointly complained about this issue as negatively affecting consumers and the industry alike.

67.   As a proximate result of Defendants' breach of its express warranty, Plaintiff and members of the Nationwide Classes sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

68.     Plaintiffs, on behalf of themselves and the Nationwide Classes, are entitled to damages and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

69.     Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and the Nationwide Classes are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**THIRD CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code Section 1750, *et seq*.**
**(On behalf of Plaintiffs and the Nationwide Classes)**

70.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.  This claim is made with respect to the Nationwide Classes.

71.     The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

72.     Plaintiffs and members of the Nationwide Classes are "consumers" as defined by Section 1761(d) of California Code because they sought or acquired Defendants' goods for personal, family, or household purposes.

73.     Defendants products are "goods" within the meaning of Section 1761(a) of the California Civil Code as they are tangible chattels bought for personal, family, or household purposes.

74.     Defendants manufactured, distributed, marketed, and sold products as containing maple syrup or maple sugar when, in fact, they do not. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified below.

75.     Defendants' conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by section

**Class Action Complaint**

1770(a), subsections (2), (5), (7), and (9) of the California Civil Code, respectively, in transactions with Plaintiffs and members of the Classes, which were intended to result in, and did result in, the sale of the products in that Defendants: misrepresented the source, sponsorship, approval, or certification of goods or services; misrepresented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; represented that goods or services are of a particular standard, quality, or grade…if they are of another; and advertised goods or services with intent not to sell them as advertised.

76.     Plaintiffs and other members of the Nationwide Classes reasonably relied upon and were deceived by Defendants' representations that its products contain maple syrup or maple sugar.

77.     Pursuant to section 1782(d) of the California Civil Code, Plaintiffs, on behalf of themselves and the Nationwide Classes seek a Court order enjoining Defendant from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendant, including requiring Defendant to cease mislabeling of its products as containing maple syrup or maple sugars.

78.     On June 23, 2016, Plaintiff Stiles sent a written demand to Defendants, on behalf of himself and members of the classes, pursuant to Civil Code Section 1782(a). Thirty days have elapsed since Stiles sent such demand to Defendants. Defendants have failed to make an appropriate correction, repair, replacement or other remedy within 30 days of the demand or within a reasonable time.  Plaintiffs, on behalf of themselves and the Nationwide Classes, are therefore entitled to maintain an action for damages under Sections 1780 and 1781. Plaintiffs, on behalf of themselves and the Nationwide Classes, request actual damages, restitution, punitive damages, injunctive relief and other relief that the Court deems proper, and

**Class Action Complaint**

reasonable attorneys' fees and costs, as permitted by Civil Code Sections 1780 and 1782.

## FOURTH CLAIM FOR RELIEF
### Violations of California Business & and Professions Code, § 17500, *et seq.*,
### (On behalf of Plaintiffs the Nationwide Classes)

79.    Plaintiffs repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.  This claim is made with respect to the Nationwide Classes.

80.    Business and Professions Code Section 17500 prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

81.    Defendants' acts and practices violated Business and Professions Code Section 17500, *et seq.*  Defendants disseminated untrue and misleading statements to Plaintiffs and members of the Nationwide Classes by mislabeling its products as containing maple syrup or maple sugars.

82.    Defendants' statements were untrue and misleading in material respects because Plaintiffs and members of the Nationwide Classes would not have purchased the products, or would not have paid as much for the products, had they known that the products did not contain any maple syrup or maple sugars.

83.    Defendants' use of statements and/or imagery on the product packaging and name had the capacity, likelihood and tendency to deceive and confuse consumers (including Plaintiffs and the Nationwide Classes) into believing that the product contained maple syrup and/or maple sugar.

84.    Defendants, as the manufacturers, and designers of the products and the packaging, knew or should have known, with the exercise of reasonable care, that the product being offered to consumers do not contain any maple syrup or maple sugar

-17-

and that consumers would be misled into believing that the products contained those ingredients. Therefore, Defendants knew or should have known that their statements were untrue and misleading.

85.    Plaintiffs and members of the Nationwide Classes were induced to purchase and/or pay a price premium for Defendants' product based on Defendants' untrue and misleading statements.

86.    Plaintiffs and members of the Nationwide Classes were aware of and reasonably relied on Defendants' untrue and misleading statements.

87.    Defendants disseminated untrue and misleading statements about the ingredients and quality of the product with the intent not to sell it as advertised.

88.    Pursuant to section 17535 of the California Business and Professions Code, Plaintiffs, on behalf of themselves and the Nationwide Classes seek restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' mislabeling and false advertising, including requiring Defendants to cease misrepresenting that its products contain maple syrup or maple sugar.

89.    Plaintiffs bring this action as private attorneys general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and members of the Nationwide Classes are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**FIFTH CLAIM FOR RELIEF**
**Violations of California Business & Professions Code,**
**Section 17200, *et seq.*, Unlawful, Unfair and**
**Fraudulent Business Acts and Practices**
**(On behalf of Plaintiffs and the Nationwide Classes)**

90.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.  This claim is made with respect to the Nationwide Classes.

-18-

91.     Defendants' acts and practices as detailed herein constitute acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq*. Defendants need only violate one of the three prongs of the statute to be held strictly liable.

92.     Defendants have engaged in "unlawful" business acts and practices by manufacturing, promoting, distributing, and selling products as containing maple syrup and/or maple sugar, when, in fact, none of these ingredients are in the products. Defendants' business acts and practices violate the California Business and Professions Code, section 17500, *et seq*. and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq*., as alleged herein.

93.     Defendants' acts and practices are further "unlawful" because they violate the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDCA provides that a food product is misbranded if: "its labeling is false or misleading in any particular;" or "if it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word 'imitation' and immediately thereafter, the name of the food imitated."  21 U.S.C. § 343(a) and (c).

94.     Defendant declares "maple" on its packaging as a characterizing ingredient even where maple syrup (as defined in 21 CFR § 168.140(a)) is not actually present in the product.  Maple is a substance derived from the heat treatment of sap from the maple tree. None of the ingredients in Defendants' products qualify as maple under this definition.

95.     The products are therefore misbranded under § 343(a) because the packaging is false and misleading in that it conveys the message that maple syrup or maple sugar is contained in the product.

**Class Action Complaint**

96.    The products are also misbranded under § 343(c) because they are "an imitation of another food," i.e., a food containing maple syrup or maple sugar, but do not contain the word "imitation" on its labeling.

97.    Defendants' acts and practices are further "unlawful" because they violate multiple FDA regulations.

98.    Defendants' acts and practices violate 21 CFR § 102.5, which governs "characterizing properties or ingredients." 21 CFR § 102.5 requires that (a) "[t]he common or usual name of a food . . . accurately identify or describe, in as simple and direct terms as possible, the basic nature of the food or its characterizing properties or ingredients;" (b) "the common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case"; and (c) "[t]he common or usual name of a food shall include a statement of the presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present when it is not."

99.    Defendants declare "maple" on their packaging as a characterizing ingredient even where maple syrup (as defined in 21 CFR § 168.140(a)) is not actually present in the Product.  Maple is a substance derived from the heat treatment of sap from the maple tree. None of the ingredients in the Product qualify as maple syrup under this definition.

100.   Maple syrup is a premium ingredient which has a material bearing on the price and/or consumer acceptance of food products that contain such ingredients,

which is why they are frequently an ingredient named in the title of foods or displayed on its packaging. Thus, if a product name includes "maple," or its packaging emphasizes the presence of maple (e.g., through images of maple syrup or a maple leaf), but the Product does not actually contain any maple syrup, it is unlawfully misbranded under the FDA's regulations.

101.   Defendants' Product is an imitation product because it is a substitute for and resembles maple and brown sugar oatmeal, *i.e.*, the food that has real maple as an ingredient. Defendants' labels do not bear the word "imitation", as required by law.

102.   Defendants' acts and practices also violate  21 CFR § 101.3, which governs identity labeling of food in packaged forms and provides that a "food that is a substitute for and resembles another food shall not be deemed to be an imitation provided it meets each of the following requirements (i) [i]t is not nutritionally inferior to the food for which it substitutes and which it resembles (ii) [i]ts label bears a common or usual name that complies with the provisions of 102.5 of this chapter and that is not false or misleading or in the absence of an common or usual name, an appropriately descriptive term that is not false or misleading."  Defendants' maple oatmeal does not satisfy each of these conditions.

103.   Defendants' conduct further violates: (1) The California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 110660, which deems food products "misbranded" if their labeling is "false or misleading in any particular; (2) Health & Safety Code § 110100, which adopts all FDA food labeling regulations as state regulations; (3) Health & Safety Code § 110395, which makes it "unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food, drug, device, or cosmetic that is falsely advertised;" (4) Health & Safety Code § 110660, which deems that "any food is misbranded if its labeling is false or misleading in any particular" and (5) Health & Safety Code § 110685, which deems that "any food is misbranded if it is offered for sale under the name of another food,

or if it is an imitation of another food for which a definition and standard of identity has been established by regulation and its label does not bear, in type of uniform size and prominence the word "imitation," and immediately following, the name of the food imitated."

104.   All of the challenged advertisements and statements made by Defendants thus constitute violations of the Sherman Law and the FDCA, and as such, violate the "unlawful" prong of the UCL.

105.   Plaintiffs reserve the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

106.   Defendants' failure to comply with the above statutes and regulations constitutes an unlawful business act or practice.

107.   Section 17200 of the California Business & Professional Code also prohibits any "unfair business act or practice." As described above, Defendants have engaged in "unfair" business acts or practices in that they falsely labeled the products as containing maple syrup or maple sugar.

108.   The gravity of the harm to Plaintiffs and members of the Nationwide Classes outweighs any arguable utility of Defendants' conduct. Plaintiffs' injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

109.   Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act, the California Business and Professions Code section 17500, the California Sherman Law, and the FDCA, which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing of food products.

110.   Defendants' actions are immoral, unethical, and/or unscrupulous, and offend established public policy, and have injured Plaintiffs and other members of the Nationwide Classes.

**Class Action Complaint**

111.   Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely labeling the products as containing maple syrup or maple sugar, when, in fact, they do not.

112.   Plaintiffs and members of the Nationwide Classes were deceived by Defendants' representations as to whether the products contained maple syrup or maple sugar.

113.   Plaintiffs and members of the Nationwide Classes reasonably relied on Defendants' representations. As the California Supreme Court has explained, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source." *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 328.

114.   Plaintiffs and members of the Nationwide Classes have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendants in that they purchased products that they would not have purchased, or they would have paid less for the products, had they known that the products did not contain any maple syrup or maple sugars.

115.   Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs, on their own behalf and on behalf of the Nationwide Classes, seek restitution and a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling the products as containing maple syrup or maple sugar.

116.   Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and the Nationwide Classes are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**SIXTH CLAIM FOR RELIEF**
**Violations of Massachusetts General Laws, Chapter 93A,**
**Section 2, Unfair and Deceptive Business Practices**
**(On behalf of Plaintiff Vuckovic and the Massachusetts Subclass)**

117.    Plaintiff Vuckovic repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

118.   Defendants' conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of M.G. L. c. 93A, § 2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02, 3.05(1), 3.05(2), 3.08(2), 3.16(2), 3.16(3) and 3.16(4).

119.   Defendants' unlawful conduct includes their false and misleading statements, representations, and depictions in their labeling, marketing and advertising of the product, as alleged in greater detail herein.

120.   Defendants have mislabeled and misbranded the products, in violation of various state and federal statutes and regulations, including the Massachusetts Maple Law, Mass. Gen. Laws, c. 128, § 36C (which provides that "the words 'maple' or 'maple syrup' shall not be used in the labeling or branding of any food product which does not contain any maple syrup in its ingredients" and which also prohibits the sale of food products "branded as maple . . . which [are] not made from pure maple syrup derived from the sap of the maple tree"); Massachusetts misbranding laws, Mass. Gen. Laws, c. 94, § 187 (providing that food shall be misbranded when (1) "its labeling is false or misleading in any particular;" and (2) "it is in imitation or semblance of any other food" and does not bear in type of uniform size and prominence, the word "imitation") and §190 (barring the manufacture, sale, delivery

or offer of delivery of misbranded food); the FDCA., 28 U.S.C. § 343(a) and (c) and FDA regulations: 21 C.F.R. § 101.14; and 21 CFR § 102.; 21 CFR § 101.3 and 21 CFR § 168.140(a).   Such mislabeling and misbranding constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

121.   Plaintiff Vuckovic and each of the other Massachusetts Subclass members were injured by Defendants' unlawful conduct, in that they paid more for the falsely advertised products they purchased than they would have paid for comparable products not containing maple syrup and/or maple sugar.  Had Plaintiff Vuckovic and Massachusetts Subclass members known that the product did not contain maple, they would have not purchased the products at all or would not have purchased the product at the prices they paid.

122.   Alternatively, even in instances where Massachusetts Subclass members did not pay higher prices for the products than they would have paid for other similar products (not containing maple) at the time of their purchase, those Massachusetts Subclass members were injured in that the products that they purchased were and continue to be, due to the false advertising, worth less than the amounts Plaintiff Vuckovic and Massachusetts Subclass members paid for them at the time of purchase.

123.   Defendants' unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of c. 93A, § 2, within the meaning of c. 93A, § 9(3).

124.   Pursuant to M.G. L. c. 93A, § 9, Plaintiff Vuckovic and each of the other members of the Massachusetts Subclass are entitled to recover their actual damages or statutory damages of $25.00 each, whichever results in a greater recovery, and to recover double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

125.   Plaintiff Vuckovic and the other members of the Massachusetts Subclass are also entitled to injunctive relief in the form of an order directing Defendants to

**Class Action Complaint**

cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

126.   On or about June 20, 2016, Plaintiff Vuckovic sent a written demand for relief to Defendants, pursuant to M.G.L. c. 93A, § 9(3). Defendants failed to make a reasonable offer of relief in response to Plaintiff Vuckovic's demand made on behalf of himself and members of the Massachusetts Subclass.

### SEVENTH CLAIM FOR RELIEF
### Untrue and Misleading Advertising under M.G.L. c. 266, § 91
### (Brought by Plaintiff Vuckovic and the Massachusetts Class)

127.   Plaintiff Vuckovic repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

128.   Defendants' labeling, advertising, promotion, and marketing of the Products is untrue, deceptive, and misleading, in violation of M.G.L. c. 266, § 91.

129.   At all times relevant to this action, Defendants knew, or could, upon reasonable investigation, have ascertained that their labeling, advertising, marketing, and promotion of the product was untrue, deceptive, and misleading.

130.   Defendants' untrue, deceptive and misleading labeling, advertising, marketing and promotion of the product has continued throughout the class period, and is continuing as of the present date.

131.   As purchasers of the product who were aggrieved by Defendants' false and misleading advertising (in that Plaintiff Vuckovic and the other Massachusetts Class members purchased product(s) that did not conform to the "maple" representations made about it by Defendants), Plaintiff Vuckovic brings this class action to seek all available remedies under M.G.L. c. 266, § 91, including injunctive relief.  The injunctive relief would include an order directing Defendants to cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

**EIGHTH CLAIM FOR RELIEF**
**Violation of M.G.L., c. 106 § 2-313,**
**Breach of Express Warranty**
**(On behalf of Plaintiff Vuckovic and the Massachusetts Subclass)**

132.   Plaintiff Vuckovic repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

133.   Defendants produced, advertised, marketed, distributed, and sold the products with the affirmation of fact, promise, and description on the packaging that the Products contained maple.

134.   Plaintiff Vuckovic and members of the Massachusetts Subclass relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff Vuckovic and members of the Massachusetts Subclass purchased the product.

135.   Defendants breached these express warranties by producing, distributing, and marketing the product to Plaintiff Vuckovic and the Massachusetts Subclass that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (that the products contained maple syrup and/or maple sugar).

136.   Defendants have been on notice of their breach of these express warranties as they manufactured the products and designed the labeling.  Further, they knew or should have known that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers and the industry alike.

137.   As a proximate result of Defendants' breach of their express warranty, Plaintiff Vuckovic and members of the Massachusetts Subclass sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

138.   Plaintiff Vuckovic, on behalf of himself and the Massachusetts Subclass, is entitled to damages and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

### NINTH CLAIM FOR RELIEF
### Unjust Enrichment
### (On behalf of Plaintiffs and the Nationwide Classes)

139.   Plaintiffs repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.  This claim is made with respect to the Nationwide Classes.

140.   Plaintiffs and members of the Nationwide Class were enticed to purchase the Products as a result of Defendants' false and misleading advertising.

141.   Plaintiffs and members of the Nationwide Class unjustly conferred a benefit upon Defendants, in the form of the excess prices they paid for the products over and above the actual value of the products.

142.   Defendants had an appreciation or knowledge of the benefit conferred, as demonstrated by the fact that the products offer no benefits not available from other comparable products unaccompanied by maple claims and/or comparable products in the marketplace that bear similar claims and actually contain maple.

143.   Defendants' acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

144.   Plaintiffs, on behalf of themselves and members of the Nationwide Classes, seek restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

WHEREFORE, Plaintiffs, on behalf of themselves and the Classes, pray for the following relief:

a.      An order certifying each Class and Subclass defined above;

b.      An award of damages, including actual damages, statutory damages where applicable;

-28-

1      c.     An injunction requiring Defendants to cease misrepresenting that the
2             products contain maple syrup and /or maple sugar and requiring
3             Defendants to retrieve existing false and misleading advertising
4             materials, publish corrective advertising, and provide notice to
5             consumers who already purchased the products;
6      d.     For any and all other relief available under the various statutory and
7             common law causes of action asserted herein, including but not limited
8             to disgorgement of profits received through Defendants' unfair business
9             practices and restitution;
10     e.     An award of reasonable attorneys' fees and costs;
11     f.     For pre-judgment interest on the sums owing; and
12     g.     For such other and further relief as the Court deems just and proper.
13
14     Dated: August 26, 2016                 Respectfully submitted,
15
16                                            By: __/s/David C. Parisi_____
                                              David C. Parisi (SBN 162248)
17                                            dparisi@parisihavens.com
                                              Suzanne Havens Beckman (SBN 188814)
18                                            shavens@parisihavens.com
                                              PARISI & HAVENS LLP
19                                            212 Marine Street, Suite 100
                                              Santa Monica, CA  90405
20                                            Telephone: (818) 990-1299
                                              Facsimile: (818) 501-7852
21
                                              Yitzchak H. Lieberman (SBN 277678)
22                                            ylieberman@parasmoliebermanlaw.com
                                              PARASMO LIEBERMAN LAW
23                                            7400 Hollywood Blvd, #505
                                              Los Angeles, CA 90046
24                                            Telephone: (917) 657-6857
                                              Facsimile: (877) 501-3346
25
                                              David Pastor (*pro hac vice*)
26                                            dpastor@pastorlawoffice.com
                                              PASTOR LAW OFFICE, LLP
27                                            63 Atlantic Avenue, 3rd Floor
                                              Boston, MA 02110
28                                            Telephone: (617) 742-9700

Facsimile:  (617) 742-9701

Preston W. Leonard (*pro hac vice*)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, PC
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 329-1295

*Attorneys for Plaintiffs for Plaintiffs Michael*
*Stiles and Alexander Vuckovic, individually*
*and on behalf of classes of similarly situated*
*individuals*

**Class Action Complaint**

# JURY DEMAND

145.   Plaintiff demands a trial by jury of all causes of action and matters so triable.


Dated: August 26, 2016                    Respectfully submitted,


                                          By: __/s/David C. Parisi_____
                                          David C. Parisi (SBN 162248)
                                          dparisi@parisihavens.com
                                          Suzanne Havens Beckman (SBN 188814)
                                          shavens@parisihavens.com
                                          PARISI & HAVENS LLP
                                          212 Marine Street, Suite 100
                                          Santa Monica, CA   90405
                                          Telephone: (818) 990-1299
                                          Facsimile: (818) 501-7852

                                          Yitzchak H. Lieberman (SBN 277678)
                                          ylieberman@parasmoliebermanlaw.com
                                          PARASMO LIEBERMAN LAW
                                          7400 Hollywood Blvd, #505
                                          Los Angeles, CA 90046
                                          Telephone: (917) 657-6857
                                          Facsimile: (877) 501-3346

                                          David Pastor (*pro hac vice*)
                                          dpastor@pastorlawoffice.com
                                          PASTOR LAW OFFICE, LLP
                                          63 Atlantic Avenue, 3rd Floor
                                          Boston, MA 02110
                                          Telephone: (617) 742-9700
                                          Facsimile:  (617) 742-9701

                                          Preston W. Leonard (*pro hac vice*)
                                          pleonard@theleonardlawoffice.com
                                          LEONARD LAW OFFICE, PC
                                          63 Atlantic Avenue, 3rd Floor
                                          Boston, MA 02110
                                          Telephone: (617) 329-1295

                                          *Attorneys for Plaintiffs for Plaintiffs Michael*
                                          *Stiles and Alexander Vuckovic, individually*
                                          *and on behalf of classes of similarly situated*
                                          *individuals*